IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EINSTEIN | : |
| | :     CIVIL ACTION |
|     v. | : |
| | :     NO. 21-347 |
| CARRASQUILLO, ET AL. | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                                **DECEMBER 10, 2021**

Presently before the Court is Defendants Riccardo Carrasquillo's, Foulk Lawn & Equipment, Inc.'s, Phil Socorso's, and Joseph Socorso's Motion for Partial Dismissal of Plaintiff's Complaint (ECF No. 5) and Plaintiff's Response in Opposition thereto (ECF No. 9). For the following reasons, Defendants' Motion will be granted without prejudice.

**I.     BACKGROUND**

This personal injury case arises as a result of an automobile accident that occurred at the intersection of Chester Creek Road and Knowlton Road in Delaware County, Pennsylvania in December of 2019. (Compl. ¶ 11, ECF No. 1.) Plaintiff alleges that Defendant Riccardo Carrasquillo disregarded a stop sign and crashed into Plaintiff's car. (*Id*.) Carrasquillo was driving a flatbed truck owned by his employer, Defendant Foulk Lawn & Equipment, Inc. (*Id.* at ¶¶ 7, 10-11.) Plaintiff further alleges that Foulk Lawn & Equipment placed "profits over public safety" by pressuring drivers to deliver products as quickly as possible. (*Id.* at ¶¶ 8-9.) In addition to Carrasquillo and Foulk, Plaintiff named Phil Socorso and Joseph Socorso as Defendants. Even though Plaintiff listed each of the Socorsos as having the same address as

Foulk, Plaintiff does not state the Socorsos' positions at Foulk or what role the Socorsos played in the accident.[1] (*Id.* at ¶¶ 2, 5-7.)

Plaintiff's Complaint includes two counts against all Defendants. Count I alleges careless, reckless, and negligent operation of the flatbed truck, namely speeding and failing to stop at a stop sign. (*Id.* at ¶¶ 13-14.) Count II alleges careless, reckless, and negligent conduct with respect to hiring and training drivers, maintaining vehicles, supervising employees, and implementing policies that resulted in employees driving recklessly.[2] (*Id.* at ¶ 19.) Both counts include a claim for punitive damages. (*Id.* at ¶¶ 17, 21.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A

---

[1] Defendants state that Phil Socorso is the President of Foulk Lawn & Equipment, and that Joseph Socorso is the Secretary/Treasurer. (Defs.' Mot. for Partial Dismissal ¶ 4, ECF No. 5.)

[2] For reasons that are not clear, Count II of Plaintiff's Complaint also includes a nearly verbatim recitation of allegations from Count I that concern the operation of the truck at the time of the accident.

complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . ." *Iqbal*, 556 U.S. at 678.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis.  *Fowler*, 578 F.3d at 210.  First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true.  *Id.* at 210-11.  Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Finally, "a complaint need not establish a prima facie case in order to survive a motion to dismiss."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788-89 (3d Cir. 2016).  A prima facie case is "an evidentiary standard, not a pleading requirement."  *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002).  Therefore, it is "not a proper measure of whether a complaint fails to state a claim."  *Fowler*, 578 F.3d at 213.  "Instead of requiring a prima facie case, the post-*Twombly* pleading standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements."  *Connelly*, 809 F.3d at 789 (quoting *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

## III.   DISCUSSION

Defendants move to partially dismiss Plaintiff's Complaint.  Defendants argue that Plaintiff fails to state a claim against Phil Socorso and Joseph Socorso for individual liability as corporate officers, and that Plaintiff fails to state a claim for punitive damages against all Defendants.

### A.   Personal Liability of Corporate Officers Phil and Joseph Socorso

As a general rule, corporate officers are not personally liable for a corporation's or its employees' tortious acts.  *Chester-Cambridge Bank & Tr. Co. v. Rhodes*, 31 A.2d 128, 131 (Pa. 1943).  There are, however, two exceptions to this general rule.  One exception is "participation theory," and the other is "piercing the corporate veil."  Because Plaintiff has not alleged sufficient facts to support either exception, the Complaint against Defendants Phil Socorso and Joseph Socorso will be dismissed.

#### 1.   *Participation Theory*

Participation theory is the theory that corporate officers can be personally liable for torts when they participate in the commission of the wrongful acts that give rise to the tort.  *See Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983) ("Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. . . Liability under this theory attaches only where the corporate officer is an actor who participates in the wrongful acts."); *see also Kaites v. Com. Of Pa., Dep't of Env't Res.*, 529 A.2d 1148, 1151 (Pa. Commw. Ct. 1987) ("Thus, in order for liability to attach the officer must actually participate in wrongful acts.").

Plaintiff does not provide any facts indicating that the Socorsos participated in the accident.  For example, Plaintiff does not assert that the Socorsos were in the truck at the time of

the accident, or that the Socorsos directed Carrasquillo to drive in an unsafe manner. To the extent Plaintiff's Complaint alleges a failure to act—in the form of a failure to train drivers or properly maintain vehicles—such an allegation cannot establish liability for individuals under participation theory. *Wicks*, 470 A.2d at 90 ("Nevertheless, corporate officers and directors may not be held liable for mere nonfeasance"); *see also Aldorasi v. Crossroads Hosp. & Mgmt. Co., LLC*, 344 F. Supp. 3d 814, 822 (E.D. Pa. 2018) (applying Pennsylvania law and stating the rule that, under participation theory, a corporate officer is liable only for "the improper performance of an act," not "the omission of an act which a person ought to do") (quoting *Loeffler v. McShane*, 539 A.2d 876, 878 (Pa. Super. Ct. 1988)). Plaintiff's threadbare accusation that Defendants "placed profits over safety" is also insufficient to establish any action by the Socorsos that would support their personal liability.

### 2. Piercing the Corporate Veil

Under Pennsylvania law, a corporation is an independent entity and there is a strong presumption against piercing the corporate veil. *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995). To determine whether the corporate veil should be pierced, courts look at whether the following factors are present: "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud." *Kaites*, 529 A.2d at 1151. Since Plaintiff does not allege any facts regarding these factors, coupled with Pennsylvania's strong presumption against piercing the corporate veil, Plaintiff also cannot state a claim against Phil or Joseph Socorso under this theory.

Because Plaintiff has not alleged sufficient facts to satisfy either exception to the general rule against personal liability for corporate officers, Plaintiff's claims against Phil Socorso and Joseph Socorso will be dismissed without prejudice.

### B.  Punitive Damages

Defendant also moves to dismiss Plaintiff's claims for punitive damages against all Defendants. Since Plaintiff has not alleged sufficient facts to support a claim for punitive damages, we will also dismiss Plaintiff's punitive damages claims without prejudice.

Pennsylvania follows Section 908 of the Second Restatement of Torts on punitive damages. *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005); *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984). Section 908 provides: "Punitive damages are awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Restatement (Second) of Torts § 908 (1979). "As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchison*, 870 A.2d at 770 (Pa. 2005). A court must consider the act itself, the motive of the wrongdoer, and the relations between the parties. *Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963). In determining whether punitive damages are warranted, "[t]he state of mind of the actor is vital." *Feld*, 485 A.2d at 748, and the evidence must be "sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison*, 870 A.2d at 772.

Other courts in this Circuit have found that claims for punitive damages stemming from automobile accidents are properly dismissed when they fail to allege more than negligence and a

general failure to observe the rules of the road.  *See, e.g., Babenko v. Dillon*, No. 19-199, 2019 WL 3548833, at *2 (E.D. Pa. Aug. 5, 2019) (dismissing claims for punitive damages in a personal injury action stemming from an automobile accident because the plaintiffs failed to plead more than mere negligence); *McCullough v. Peeples*, No. 14-123, 2015 WL 1000223, at *7 (W.D. Pa. Mar. 5, 2015) (dismissing claims for punitive damages against both the truck driver and employer because the plaintiff's allegations of excessive speed, lack of control, and careless operation given weather conditions sounded in negligence and were otherwise conclusory statements rather than factual averments).  The *Babenko* court summarized the plaintiff's allegations as asserting that the defendant "did not comply with the law or violated regulations." *Babenko*, 2019 WL 3548833 at *2.  Here, Plaintiff similarly pleads that Carrasquillo failed to observe basic driving regulations.  We agree with Judge Leeson in *Babenko* that "[a]llegations that [a] [d]efendant did not comply with the law, by themselves, are insufficient to satisfy the requirements of Pennsylvania law for awarding punitive damages." *Id.* at *3.  Plaintiff alleges that the crash was the result of Carrasquillo's speeding, failure to timely apply the brakes, and failure to stop at the stop sign.  None of these factual allegations rises to the level of outrageous conduct that could merit punitive damages.

Beyond the allegations of Carrasquillo's negligent operation of the truck, Plaintiff's Complaint contains conclusory statements rather than factual allegations.  For example, Plaintiff asserts that Foulk placed "corporate profits over public safety" and endangered other motorists in its attempt to deliver products as quickly as possible. (Compl. ¶ 11.)  The Complaint further states that Foulk "enforced a policy which recklessly disregarded the interests of [other] motorists." (*Id.* at ¶ 9.)  However, the Complaint does not provide any facts about this policy beyond its alleged existence, and it does not allege any facts as to how Foulk supposedly

encouraged its employees to drive recklessly.  Without more, general statements that Foulk disregarded the safety of other motorists because of its desire to deliver products quickly and increase profits do not support a claim for punitive damages.  Plaintiff's claims for punitive damages will also be dismissed without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Dismissal of Plaintiff's Complaint is granted without prejudice.  An appropriate Order follows.

                                      **BY THE COURT:**

                                    */s/ R. Barclay Surrick*
                                    **R. BARCLAY SURRICK, J.**